UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| RANDY PRICE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV421-164 |
| | ) | |
| STATE OF GEORGIA, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

In a prior Order, the Court determined that *pro se* Plaintiff Randy Price's Complaint failed to state any claim upon which relief can be granted. Doc. 17. However, it afforded him an opportunity to amend his pleading, directing him to file an Amended Complaint within fourteen days. *Id.* at 10-11. He was expressly advised that "failure to submit his amended pleading may result in dismissal of his case for failing to obey a court order or failure to prosecute." *Id.* at 11 (citing Fed. R. Civ. P. 41(b)). His deadline ran on March 23, 2022. Over three months have passed since then, and he has not filed the directed Amended Complaint. *See generally* docket.

This Court has the authority to prune cases from its dockets where parties have failed to comply with its Orders.  *See* S.D. Ga. L.R. 41.1(b); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962) (courts have the inherent authority to dismiss claims for lack of prosecution); *Mingo v. Sugar Cane Growers Co-op*, 864 F.2d 101, 102 (11th Cir. 1989) ("The district court possesses the inherent power to police its docket."); *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983); *Floyd v. United States*, CV491-277 (S.D. Ga. June 10, 1992).  Accordingly, Plaintiff's Complaint is **DISMISSED** for his failure to comply with the Court's Order and his failure to prosecute this action.  The Clerk of Court is **DIRECTED** to close this case.

**SO ORDERED,** this 30th day of June, 2022.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA